Nos. 12-2761, 12-3179

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

IN RE: UPONOR, INC., F1807 PLUMBING
PRODUCTS LIAB. LITIG.

OSCAR ORTEGA
Movant/Appellant,

TONEY ABBOTT, ET AL.
Objectors/Appellants,

JOHN MCGREGOR, ET AL.
Plaintiffs/Appellees

v.

UPONOR, INC., ET AL.
Defendants/Appellees

Appeal from the United States District Court of Minnesota
Honorable Ann D. Montgomery, District Court Judge
(No. 0:11-md-02247-ADM-JJK)

## APPELLANTS' MOTION FOR IMMEDIATE STAY OF APPEAL BOND ORDER AND TO MODIFY APPEAL BOND AMOUNT, OR, ALTERNATIVELY, TO STAY APPEAL BOND ORDER PENDING FULL BRIEFING AND ORAL ARGUMENT AND TO EXPEDITE BRIEFING AND ORAL ARGUMENT ON APPEAL OF APPEAL BOND ORDER

Appellants Oscar Ortega, Toney and Bonnie Abbott, Alberto and Irma Aguilar, Steven A. Archangel, Alejandro and Monica Camarena, Evelyn Candido, Luis Carillo and John Parrett, Jaime and Marta Cubides, Verna Culp, Louise Ellis, Rosario Lopez, Monica McCullock and Daniel Saenz, Angel Morales and Cassandra Smith, Micaela Ne-

- 1 -

Appellate Case: 12-3179    Page: 1    Date Filed: 09/21/2012 Entry ID: 3955976

grete and Luis Zapata, Todd and Sylvia O'Neal, Robert Perez, Henry Pimente, Gerardo Rivera, Gregario and Marisol Sanchez, Laura Spindola, Wilber Torres, Kenneth and Debra Wright, Raul Zelaya, and Jose and Lucila Zul (hereinafter "Appellants"), by and through their respective attorneys, respectfully move the Court pursuant to Federal Rules of Appellate Procedure, Rules 8(a)(2) and 27 and Eighth Circuit Rules of Appellate Procedure, Rule 27A for an order *immediately staying* the District Court's Rule 7 Appeal Bond Order and for an order modifying the Rule 7 Appeal Bond amount imposed by the District Court or, alternatively, staying the Appeal Bond Order of the District Court pending full briefing and oral argument in the respective appeal and expediting briefing and oral argument on the appeal of the Appeal Bond Order (Appeal No. 12-3179).

Appellants move for this order having made a similar motion in the District Court. Fed. R. App. Proc. 8(a)(2). The District Court denied Appellants' Motion for Immediate Stay of Rule 7 Appeal Bond Order on September 20, 2012, and a copy of the Order is attached hereto. The District Court's reasons for its action were that Appellants did not support the four factors in determining whether to issue a stay pursuant to Rule 8(a)(1). In the alternative, Appellants move for this order in the Circuit Court as "moving first in the district court would be impracticable" as shown by the District Court's order. Fed. R. App. Proc. 8(a)(2)(A)(i).

As the District Court has ordered Appellants to deposit the Rule 7 Appeal Bond by September 21, 2012, Appellants request that a single judge of the Eighth Circuit *immediately consider* this motion and order a temporary stay of the District Court's order, pending a three judge panel's consideration and determination of this motion. Fed. R. App. Proc. 8(a)(2)(D); 8th Cir. R. App. Proc. 27A(b)(4). Appellants anticipate that the Circuit Court will not be able to review this Motion and issue an immediate, temporary stay on the same day of filing the Motion; Appellants also believe that the Settlement Class will attempt to file a motion to dismiss the appeals if Appellants do not file the appeal bond

by today. Appellants request that the Circuit Court defer a ruling on any such motion to dismiss until the instant motion may be considered and heard.

There are five separate bases for modifying the order, which Appellants intend to raise on appeal and provide here for the Circuit Court's consideration of this motion. In addition, Appellants also base their request for a stay of the Rule 7 Appeal Bond Order on the following grounds to support their strong showing of likelihood to succeed on the merits of this appeal. *Brady v. NFL*, 640 F.3d 785, 789 (8th Cir. 2011).

First, the District Court did not base its order imposing the Rule 7 appeal bond on any evidence (as no evidence was presented to the Court) of the financial ability of Appellants to pay costs on appeal or whether Appellants posed a payment risk. *See Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) ("Defendants presented to the district court plaintiff's chapter 13 petition, deeds showing plaintiff's interests in real property, and other financial information sufficient to justify a finding that plaintiff was capable of complying with the court's order without undue hardship."). The Settlement Class did not provide and the District Court did not receive a scintilla of evidence regarding Appellants' financial ability to post a bond or the risk of nonpayment of appellee's costs if the appeal is unsuccessful. Therefore, the District Court's Order is without any evidentiary support.

Second, the District Court's assertion that "the cost caused by the delay" and "the cost of potentially republishing notice to the class" are properly included in a Rule 7 appeal bond is clearly erroneous. Fed. R. App. P. 7; *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985); *see Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007) (rejecting bond requested because settlement agreement made no provision for payment of prejudgment interest and settlement did not become effective, by its terms, until any appeals were concluded); *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) ("an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector,

are charged with implementing the settlement."). A Rule 7 appeal bond is only appropriate to cover the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The District Court's Order including items other than costs on appeal is thus clearly erroneous.

Third, the District Court improperly made the Rule 7 appeal bond joint and several, essentially fusing together two distinct and unique sets of objectors/appellants (the "Ortega Objectors" and the "Palmer Objectors") in reliance on an inapplicable situation and opinion. *See In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659, 36-37, 41-43 (D. N.J. June 29, 2007) (joint and several bond imposed because of the possibility that "Plaintiffs will face different issues from different appellants, which may increase the expenses" based on the complicated RICO and common law objections and arguments of "several objectors."). The District Court improperly lumped together two distinct groups of objectors/appellants, when the Rule 7 appeal bond should be imposed on a case by case and appellant by appellant basis.

Fourth, the amount of the Rule 7 appeal bond imposed by the District Court erects an inappropriate and excessive barrier to appeal. *See Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007); *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (district court must not create "an impermissible barrier to appeal" by the amount required for an appeal bond); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"); *In re Am. President Lines*, 779 F.2d at 718-19 (excessive bonds are "not an acceptable control" and courts "must be wary of orders, even those well-meaning that might impermissibly encumber that right of appeal"). The $170,000 Rule 7 appeal bond imposed is disproportionate and unfair given the nature of the claims and remedy sought and thus imposes an impermissible barrier to appeal for Appellants. The amount of the appeal bond per individual, $4,470, and thus the right to exercise an appeal of the District Court's decision, may be greater than the very remedy approved by the District Court in

Appellate Case: 12-3179     Page: 4     Date Filed: 09/21/2012 Entry ID: 3955976

this case, a re-pipe of the home for $4,000-7,000. This is not only procedurally unfair, but economically unfair as well.

Finally, the District Court has inconsistently, erroneously, and prejudicially counted Appellants as 36 when evaluating the burdens of the bond, but dismissed Appellants as merely 1 of 3 sets of objectors in the Final Approval (Compare Order Granting Final Approval [Dkt. No. 96] ("Class member reaction has been positive and objections minimal. Out of at least 30,000 potential class members, only three sets of objections were received.") with Order Granting Appeal Bond [Dkt. No. 132] ("$170,000 shared between thirty-eight individuals – approximately $4,470 per individual"). This Court should not permit such patently inconsistent counting of objectors/appellants by the District Court.

## BACKGROUND

This action is a Multidistrict Litigation proceeding reflecting purported class representatives, residential property owners from the states of Washington (McGregor), Oregon (Spina), South Dakota (Livermont), North Carolina (Perrone), and California (Fielstra and Roth) asserting nationwide class treatment for all F1807 type fittings manufactured and distributed by Uponor/Wirsbo used in residential construction between May 15, 1999 and July 12, 2012. All of the complaints which have been consolidated into this proceeding generally assert the same claims for negligence, strict liability, breach of warranty, and claims for fraud and misrepresentation. All of the class representatives assert claims of leaks and resultant damage from plumbing fittings. None assert claims for violations of California's building standards (even though two (Fielstra and Roth) allegedly own residential properties within the state of California).

There are substantial and material differences between the laws of the five states where the residences of the purported class representatives are located. Washington, Oregon, South Dakota, and North Carolina are all states that recognize the "economic loss rule," which prohibits recovery for strict liability and tort claims without a showing of resulting injury or property damage. On the other hand, California has abrogated the

"economic loss rule" for new residential construction built and sold after January 1, 2003 and instituted groundbreaking legislation providing statutory protections to homeowners of new residential construction and requiring that homes built and sold after January 1, 2003 comply with specific building standards relating to the functions of the residence. Cal. Civ. Code §§ 895 *et seq.* One of the Act's standards requires that plumbing lines shall not corrode so as to impede the useful life of the systems. Cal. Civ. Code § 896(a)(15).

Individual actions and proceedings have been and are pending in California which concern defective yellow brass fitting components of Uponor/Wirsbo PEX plumbing lines, specifically ASTM F1807 style fittings. The importance of the pending and settled California actions and proceedings relates to the recovery that reasonably can be realized pursuant to California law. Appellants contend that the District Court's ruling and final approval of the class action settlement denies California homeowners the constitutionally protected right of recovery for construction defects without a showing of causation or damage, as expressly provided by the California Legislature in the abrogation and repeal of the "economic loss rule". Cal. Civ. Code §§ 936 and 942.

## PROCEDURAL HISTORY

On July 19, 2012, Objector/Proposed Intervenor/Appellant Oscar Ortega, on behalf of himself and others similarly situated, and Objectors/Appellants Toney and Bonnie Abbott, Alberto and Irma Aguilar, Steven A. Archangel, Alejandro and Monica Camarena, Evelyn Candido, Luis Carillo and John Parrett, Jaime and Marta Cubides, Verna Culp, Louise Ellis, Rosario Lopez, Monica McCullock and Daniel Saenz, Angel Morales and Cassandra Smith, Micaela Negrete and Luis Zapata, Todd and Sylvia O'Neal, Robert Perez, Henry Pimente, Gerardo Rivera, Gregario and Marisol Sanchez, Laura Spindola, Wilber Torres, Kenneth and Debra Wright, Raul Zelaya, and Jose and Lucila Zul (collectively "Ortega Objectors") filed an appeal with the United States Court of Appeals for the Eighth Circuit (Appeal No. 12-2761), appealing from the District Court's denial of Oscar

Ortega's Motion to Intervene, Motion for Protective Order, and Motion to Decertify Class and this Court's Final Approval of Class Action Settlement, Supplemental Order Granting Final Approval of Class Action Settlement, Judgment in a Civil Case entered on July 3, 2012, and Judgment in a Civil Case entered on July 9, 2012.

Thereafter, on August 13, 2012, the Settlement Class filed a Motion to Require Objectors to File Rule 7 Appeal Bond [Dkt. No. 112], which effectively lumped together two distinct and unrelated groups of objectors, while requesting an unreasonable Rule 7 appeal bond amount based on unfounded hypotheticals and possibilities. The Ortega Objectors filed their Opposition to Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond [Dkt. No. 122] contending that the Court should not impose an appeal bond and that the Settlement Class's proposed amount for the bond was unreasonable, unfounded, and improper. The Court entertained oral argument, and on September 11, 2012, the Court granted the Motion, imposed an appeal bond of $170,000, made the Ortega Objectors and Palmer Objectors jointly and severally liable for the appeal bond, and set a deadline for deposit of the bond of September 21, 2012 [Dkt. No. 132].

On September 13, 2012, the Ortega Objectors filed a separate appeal with the United States Court of Appeals for the Eighth Circuit (Appeal No. 12-3179), appealing from the District Court's order imposing an appeal bond [Dkt. No. 134]. The next day, the Eighth Circuit consolidated the two appeals of the Ortega Objectors for briefing and submission to the court with Appellants' Brief due on November 5, 2012.

After unsuccessfully attempting to meet and confer with opposing counsel before filing a motion in accordance with local rules, Appellants filed a Motion for Immediate Stay of Rule 7 Appeal Bond Order on September 18, 2012 [Dkt. No. 136]. On September 20, 2012, the District Court filed its Memorandum Opinion and Order denying Appellants' Motion for Immediate Stay of Rule 7 Appeal Bond Order [Dkt. No. 141]. This instant motion follows.

# ARGUMENT

## I. Appellants Appropriately Did Not Address The Four Factors For A Stay To The District Court.

The Settlement Class and District Court contend that Appellants failed to address the four factors for determining whether to issue a stay. However, such factors are appropriately applied where a party seeks a stay of an order in a pending appeal (i.e. motion for stay filed in merits appeal), not where the party has filed an independent appeal of the order from which the party seeks review (i.e. independent appeals on merits and appeal bond order). When a district court has imposed an appeal bond following a merits appeal and the appellant takes legal issue with the appeal bond order, the correct course of action for the appellant is to file a separate appeal of the appeal bond order and then move in the circuit court for an order regarding the bond.

In *Adsani v. Miller*, 139 F.3d 67, 70-71 (2d Cir. 1998), following a timely filing of a notice of appeal on the merits, the district court imposed an appeal bond pursuant to Fed. R. App. Proc. 7 because Adsani, the appellant, did not have any assets in the United States and did not provide a supersedeas bond to stay enforcement of the judgment. However, the district court stayed the imposition of the bond order to give Adsani the opportunity to appeal the bond ruling. Adsani filed a separate and timely notice of appeal of the bond order. After the district court refused to extend the stay of the bond order, Adsani moved in the circuit court for an order vacating the appeal bond order or, in the alternative, consolidating the appeal from the appeal bond order with the merits appeal. The Second Circuit issued an order that the appeals be heard seriatim, with the appeal bond order appeal first. *Id.* In the instant motion, Appellants have requested a similar procedure either with the Eighth Circuit modifying the Rule 7 Appeal Bond amount imposed by the District Court or staying the Appeal Bond Order of the District Court pending full briefing and oral argument in the respective appeal and expediting briefing and oral argument on the appeal of the Appeal Bond Order.

Further, the four factors for determining whether to issue a stay are not appropriately raised with a district court, as raising such factors may be construed as an inappropriate motion for reconsideration. *See* Minn. Dist. Court Local Rule 7.1(j) ("Except with the court's prior permission, a party must not file a motion to reconsider."); *compare Brady v. NFL*, 640 F.3d 785, 789 (8th Cir. 2011) ("Federal Rule of Appellate Procedure 8(a) governs *the power of a court of appeals* to stay an order of a district court pending appeal.") (emphasis added). Stated more directly by the United States Supreme Court, "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a)." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). As different Rules of Procedure govern district courts and circuit courts and the four factors are not relevant to a stay request raised with a district court on an order issued by the district court, Appellants appropriately attempted to demonstrate to the District Court the arguments that Appellants intended to raise on the appeal of the District Court's Rule 7 Appeal Bond Order, and not re-hash Appellants' contentions on the merits of the appeal or other factors.

Finally, Appellants' Motion for Immediate Stay was made to the District Court following an appeal of the Rule 7 Appeal Bond Order with the stated intention that Appellants would pursue a stay and modification of the bond amount on a motion to the Circuit Court. As Appellants previously presented arguments against the imposition of an appeal bond or for a lesser amount of an appeal bond in their Memorandum in Opposition to Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond [Dkt. No. 122], any repetition of the merits of the appeal or other factors in Appellants' Motion for Immediate Stay of Rule 7 Appeal Bond Order would have been "impracticable" and fruitless. *See* Fed. R. App. Proc. 8(a)(2)(A)(1).

## II. The Eighth Circuit Should Immediately Stay The Rule 7 Appeal Bond Order Pending A Panel's Consideration And Determination Of The Motion.

Federal Rule of Appellate Procedure 8(a) governs the power of a court of appeals to stay an order of a district court pending appeal. *Brady*, 640 F.3d at 789. Under said rule, the Eighth Circuit considers "four factors in determining whether to issue a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (internal quotations omitted) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). Although the "most important factor is the appellant's likelihood of success on the merits," the Court "must consider the relative strength of the four factors, 'balancing them all.'" *Brady*, 640 F.3d at 789 (citing *Shrink Mo. Gov. PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998); *S & M Constructors, Inc. v. The Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992); *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994) (appendix). The Court does not make a final determination on the merits but does consider the likelihood of success. *Brady*, 640 F.3d at 789.

### A. Appellants Are Likely To Succeed On The Merits Of The Appeal Bond Order.

As Appeal No. 12-3179 represents a separate and distinct appeal, Appellants assert that they need only demonstrate the likelihood of success on the appeal of the Rule 7 Appeal Bond Order (Appeal No. 12-3179), not the merits appeal (Appeal No. 12-2761). Although Appellants eagerly await the opportunity to demonstrate the legal error of the District Court's approval of the class action settlement and other matters in the merits appeal, for the sake of space and brevity of this motion, Appellants do not intend to present such arguments at this time.

### 1. The District Court Did Not Base Its Rule 7 Appeal Bond Order On Any Evidence, As No Evidence Was Presented To The Court.

Although the District Court is granted the discretion to impose a Rule 7 appeal bond, nonetheless, the District Court must base its decision on evidence presented to the court. *See Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) ("Defendants presented to the district court plaintiff's chapter 13 petition, deeds showing plaintiff's interests in real property, and other financial information sufficient to justify a finding that plaintiff was capable of complying with the court's order without undue hardship."). The District Court acknowledged that "no financial documents were submitted," but then glossed over this important fact in reaching its desired result. In other words, with no financial documents submitted and no evidence upon which to base its decision, the District Court still determined the first two factors in deciding whether a Rule 7 bond is necessary – "the appellant's financial ability to post a bond" and "the risk of nonpayment of appellee's costs if the appeal is unsuccessful." *See Berry v. Deutsche Bank Trust Co. Americas*, 632 F. Supp.2d 300, 307 (S.D.N.Y. 2009).

Despite the complete lack of evidence, the District Court still determined that a cost bond was appropriate for both Appellants and the Palmer Objectors. To find a reason to impose a bond on Appellants, when the District Court had no evidence of Appellants' finances or risk of nonpayment, the District Court was forced to meld together two distinct and different groups of objectors, the Ortega Objectors (Appellants) and the Palmer Objectors. Although the Court acknowledged that the Ortega Objectors did not pose a payment risk, the District Court held that "the risk of nonpayment of appellees' costs if the appeal is unsuccessful is high" based on the Palmer Objectors' risk of nonpayment, not the Ortega Objectors' risk. [Memorandum Opinion and Order Imposing Rule 7 Appeal Bond ("Bond Order"), Dkt. No. 132, p. 4]. The District Court did not base its decision on any evidence, and there is no evidence, of Appellants' financial ability or potential risk of nonpayment.

The District Court's inappropriate and inequitable attempt to merge separate and distinct groups of objectors is a separate basis for the instant Motion, discussed below.

### 2. Most Of The Costs Included By The District Court Are Not Properly Included In A Rule 7 Appeal Bond.

A Rule 7 appeal bond is only appropriate to cover the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The costs referred to in Rule 7 "are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39." *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985). Federal Rule of Appellate Procedure 39 specifies the costs on appeal taxable in the district court: preparation and transmission of the record; reporter's transcript; bond premiums, and filing fee. Thus, "the amount necessary to ensure payment of costs on appeal" may include, but may only include, the costs for the record, reporter's transcript, bond premiums, and filing fee.

Furthermore, courts have consistently rejected attempts to include improper costs in a Rule 7 bond, such as the costs requested by the Settlement Class in this matter. *See Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007) (rejecting bond requested because settlement agreement made no provision for payment of prejudgment interest and settlement did not become effective, by its terms, until any appeals were concluded); *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) ("an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector, are charged with implementing the settlement.").

Despite the clear language of Rule 7 and the above case law, here, the District Court included "the cost caused by the delay" and "the cost of potentially republishing notice to the class" in its Rule 7 Appeal Bond Order. [Bond Order, Dkt. No. 132, p. 3] The District Court cites various cases imposing excessive bond amounts, where "professional objectors" or "serial objectors" attempted to disrupt and delay the settlement pro-

- 12 -

Appellate Case: 12-3179     Page: 12     Date Filed: 09/21/2012 Entry ID: 3955976

cess with appeals and other means. *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y. 1999) (appellants' "repeated attempt to use this class action for his own unrelated purposes is improper, and his personal pursuits should not be permitted to delay the administration of a $1.027 billion settlement."); *In re Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 18384, 45 (S.D. Fla. Feb. 14, 2012) ("most if not all of the Objections are motivated by things other than a concern for the welfare of the Settlement Class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto."); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817-18 (6th Cir. 2004) (appellant's objections to proposed settlement were "all without merit and bordered on frivolousness."); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 U.S. Dist. LEXIS 25788, 6 (D. Me. Oct. 7, 2003) (imposing appeal bond amount based on "the conclusion that the appeal 'might be frivolous,' and that an award of sanctions on appeal is 'a real possibility.'").

Appellants are neither professional or serial objectors, nor meritless intervenors, despite the District Court's attempt to create guilt by association with the Palmer Objectors, which the District Court declared to be "serial objectors" who "have evidenced bad faith and vexatious conduct" and "are not class members." [Bond Order, Dkt. No. 132, pp. 5-6, 8-9]. Appellants have raised important, meritorious objections to the class settlement in this matter and should not be lumped together with the Palmer Objectors doing otherwise. See Bond Order, Dkt. No. 132, p. 6 ("the Ortega Objectors have not evidenced any bad faith conduct").

### 3. The District Court Improperly Made The Appeal Bond Joint And Several, Fusing Two Distinct And Unique Sets Of Objectors/Appellants.

In its Bond Order, the District Court made the Ortega Objectors/Appellants and the Palmer Objectors jointly and severally liable for the bond payment. [Bond Order,

Dkt. No. 132, p. 4]. The District Court based its decision on one inapplicable set of facts in a non-binding opinion. *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659. In the cited case, the district court imposed a joint and several bond because of the possibility that "Plaintiffs will face different issues from different appellants, which may increase the expenses" based on the complicated RICO and common law objections and arguments of "several objectors." *Id.* at 36-37, 41-43.

In contrast, in this matter, there are only two sets of appellants with two merits appeals. Although Appellants do not know the issues that will be raised by the Palmer Objectors, the issues that Appellants will raise in their appeal are rather limited and focus on the propriety of approving a nationwide class action settlement, which inhibits the rights of California homeowners with a different proof standard and statutes abrogating similar laws in most other states. Appellants also intend to raise other issues related to the attempted intervention, inherent conflict among class representatives and class counsel, notice of the class action, and settlement agreement. Here, the Settlement Class does not face the multitude of issues and appellants and complicated objections and arguments as addressed in *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659, and a joint and several appeal bond on these two unique sets of objectors/appellants is legally improper and erroneous.

Additionally, the District Court essentially fused together two very dissimilar sets of objectors/appellants and created a situation of guilt by association by objecting/appealing the District Court's order. On the one hand, "the Ortega Objectors have not evidenced any bad faith conduct." [Bond Order, Dkt. No. 132, p. 6]. On the other hand, the Palmer Objectors are "serial objectors" who "have evidenced bad faith and vexatious conduct" and "are not class members." [Bond Order, Dkt. No. 132, pp. 5-6, 8-9]. Appellants should be permitted to stand on the merits of their objections and appeal and assigned an appeal bond amount in accordance with said merits and the fact that they "have not evidenced any bad faith conduct" in this litigation.

- 14 -

Appellate Case: 12-3179     Page: 14     Date Filed: 09/21/2012 Entry ID: 3955976

### 4. The Appeal Bond Amount Erects An Excessive Barrier To Appeal, Which Exceeds The Amount Of The Remedy.

The amount of the Rule 7 appeal bond imposed by the District Court erects an inappropriate and excessive barrier to appeal. *See Vaughn*, 507 F.3d at 299; *Adsani*, 139 F.3d at 79 (district court must not create "an impermissible barrier to appeal" by the amount required for an appeal bond); *Clark*, 501 F.2d at 341 ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"); *In re Am. President Lines*, 779 F.2d at 718-19 (excessive bonds are "not an acceptable control" and courts "must be wary of orders, even those well-meaning that might impermissibly encumber that right of appeal").

Here, the District Court imposed a $170,000 Rule 7 appeal bond, which is required to proceed with this appeal, and claims that the bond amount may be spread over 38 individuals. However, the $170,000 appeal bond amount is disproportionate and unfair given the nature of the claims and remedy sought. The amount of the appeal bond per individual, $4,470 (which the District Court repeatedly suggests is "not a barrier to appeal"), and thus the right to exercise an appeal of the District Court's decision, may be <u>greater than the very remedy approved</u> by the District Court in this case, a re-pipe of the home for $4,000-7,000 [Affidavit of Raiter in Support of Motion, Dkt. No. 86, p. 2, ¶ 6]. This is not only procedurally unfair, but economically unfair as well.

This excessive appeal bond amount obviously creates an "impermissible bond to appeal" by dissuading any appellants from pursuing review of the District Court's order when the amount required to proceed with the appeal is the very amount sought as a remedy by the appellants. The District Court's attempt to control this appeal and impermissible encumber Appellants' right to seek review of the District Court's order should be apparent to the Circuit Court, and Appellants request that the Circuit Court reduce the bond amount to an appropriate amount.

### 5. The District Court Inconsistently Counted The Individuals To Suit Its Purposes.

Finally, as further evidence of the District Court's inappropriate attempts to control this appeal by encumbering Appellants' right to appeal, the District Court has employed two different methods of counting Appellants to suit its purposes. The District Court has inconsistently, erroneously, and prejudicially counted Appellants as 36 when evaluating the burdens of the bond, but dismissed Appellants as merely 1 of 3 sets of objectors in the Final Approval (Compare Order Granting Final Approval [Dkt. No. 96] ("Class member reaction has been positive and objections minimal. Out of at least 30,000 potential class members, only three sets of objections were received.") with Order Granting Appeal Bond [Dkt. No. 132] ("$170,000 shared between thirty-eight individuals – approximately $4,470 per individual"). The Circuit Court should not permit such patently inconsistent counting of objectors/appellants by the District Court for the obvious reason of controlling and encumbering Appellants' right of appeal.

## B. Appellants Will Be Irreparably Injured Absent A Stay, Which Will Cause No Injury To The Other Parties, And Is In The Public Interest.

Appellants believe that without a stay of the excessive appeal bond order and modification of the amount, Appellants will be unable to post the excessive bond and will thus be forced to forgo their right to appeal in this matter. Such a course of action will irreparably injure Appellants, who will be unable to seek appropriate redress under the construction standards of California for these defective and faulty plumbing fixtures.

In contrast, a stay of the appeal bond order will not cause any injury to the other parties. As the appellees would not have any right to the appeal bond until a determination of the merits of the appeal and/or dismissal, there can be no injury to the appellees if the Circuit Court temporarily stays the appeal bond order.

Finally, Appellants contend that a temporary stay of the appeal bond order is in the public interest to permit the Circuit Court to consider the propriety of the appeal bond

amount and the merits appeal, which seeks to protect the interests of California homeowners and which the Settlement Class has failed to represent or protect.  This temporary stay to ensure the propriety of the appeal bond amount furthers the interest of the public in ensuring the just and proper result of this litigation.  Although "case law favors the voluntary settlement of class actions . . . the court must act as the guardian of the rights of absentee class members in approving the settlement."  *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 305-06 (E.D. Mich. 1988) (internal quotations omitted).  Appellants request that the Circuit Court act as the guardian of their rights and provide a temporary stay.

For all of the foregoing reasons, Appellants request that the Circuit Court immediately stay the appeal bond order and modify the Appeal Bond Order of the District Court (requested in the section below) or, alternatively, stay the Appeal Bond Order of the District Court pending full briefing and oral argument in the respective appeal and expedite briefing and oral argument on the appeal of the Appeal Bond Order.

### III. The Circuit Court Should Modify The Excessive Appeal Bond Order Amount.

For all of the reasons provided in Section II.A. of this Motion regarding the merits of the appeal bond order, Appellants request that the Circuit Court modify the erroneous, excessive, and inappropriate Rule 7 Appeal Bond Order.  Appellants suggest that an appeal bond in the amount of $25,000 is appropriate to cover the "amount necessary to ensure payment of costs on appeal," which should only include the costs for the record, reporter's transcript, bond premiums, and filing fee.  Fed. R. App. P. 7, 39; *In re Am. President Lines,* 779 F.2d at 716.  Any higher amount fails to accomplish the purpose of Rule 7, while imposing a substantial and impermissible burden on Appellants' right of appeal.

If the Circuit Court is not inclined to modify the Appeal Bond Order by this Motion, Appellants request that the Circuit Court stay the Appeal Bond Order of the District Court pending full briefing and oral argument in the respective appeal and expedite briefing and oral argument on the appeal of the Appeal Bond Order.

## CONCLUSION

For the reasons set forth above, Appellants respectfully request that this Court grant their Motion for Immediate Stay of Appeal Bond Order and to Modify Appeal Bond Amount, or, Alternatively, to Stay Appeal Bond Order Pending Full Briefing and Oral Argument and to Expedite Briefing and Oral Argument on Appeal of Appeal Bond Order.

Dated: September 21, 2012                Kasdan, Simonds, Weber & Vaughan LLP


                                        By: /s/ Bryan M. Zuetel
                                        Kenneth S. Kasdan (Cal. SBN 71427)
                                        Email:  KSKasdan@Kasdansimonds.com
                                        Michael D. Turner (Cal. SBN 126455)
                                        Email:  MTurner@Kasdansimonds.com
                                        Bryan M. Zuetel (Cal. SBN 258836)
                                        Email:   BZuetel@Kasdansimonds.com
                                        19900 MacArthur Blvd., Suite 850
                                        Irvine, CA 92612
                                        Telephone: 949-851-9000
                                        ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 32, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Christopher L. Coffin, Esq.
PENDLEY & BAUDIN
24110 Eden Street
Plaquemine, LA 70764


Dated: September 21, 2012          Kasdan, Simonds, Weber & Vaughan LLP

By: /s/ Bryan M. Zuetel
Kenneth S. Kasdan (Cal. SBN 71427)
Email: KSKasdan@Kasdansimonds.com
Michael D. Turner (Cal. SBN 126455)
Email: MTurner@Kasdansimonds.com
Bryan M. Zuetel (Cal. SBN 258836)
Email: BZuetel@Kasdansimonds.com
19900 MacArthur Blvd., Suite 850
Irvine, CA 92612
Telephone: 949-851-9000
ATTORNEYS FOR APPELLANTS